from which the law infers the right of the defendant to enter, or to do the act complained of. It is not a plea of the evidence of a fact, but of a fact itself; which if proved, or admitted to be true, the law infers the justification of the act, and the innocence of the defendant. As in the case of Cook *vs.* Wortham, *Stra.* 1054, before cited. If the plea there had been that the defendant had entered by the privity or license of the wife, it would clearly have been a good plea; and if the plaintiff had gone to trial on that issue, and it had been proved, or he had demurred to it, judgment would have been rendered for defendant; and to avoid the force and effect of such a plea of license by the wife; in all cases where the wife herself would have a right to act, the plaintiff must *new assign*, and reply the special matter so as to make the defendant a trespasser ab initio, by showing that he had abused his license.

But here, there is no new assignment; no averment that the defendant had notice of the dissent of the husband; but a general demurrer is entered, admitting the truth of the plea pleaded; and it follows that if the wife had a right to the custody of the negro child, and took her with her as her body servant, in the absence of any dissent on the part of the husband, the defendant may well plead the license of the wife, and under this demurrer is entitled to judgment.

At the following term the court gave judgment for the plaintiff on the demurrer.

The exception to the charge was not taken up; the case having been compromised by agreement between the parties.

*Bayard* and *Saulsbury*, for plaintiff.

*Layton*, for defendant.

---

Dr. THOMAS ADAMS' Adm'r. *vs.* LEVIN STEWART.

A physician cannot recover a medical bill without proving his license to practice.

SUSSEX, April term, 1849. Action for a physician's bill. Trial and verdict for plaintiff $80 00, subject, &c.

The question was, whether plaintiff could recover on a medical bill, without proving his license.

*Mr. Cullen.*—The act of 1822, § 6, provides that "no person who is not at the time of passing this act a practitioner of medicine and surgery in this State, or who is not residing in and regularly admitted to practice medicine and surgery, in some other State, shall hereafter practice medicine or surgery and receive or demand any fee or reward therefor in this State, without having first obtained a license," &c. The act of 1835, [8 *vol.* 355,] exempts Thompsonian doctors from the penalties of this act, but does not enable them to sue for fees; and the act of 1843, [9 *vol.* 549,] exempts Homœpathic physicians, and allows them to sue.

Doctor Adams, without showing himself within the exceptions of the act of 1822, has no right to maintain suit. The question is, whether plaintiff shall be required to show his right to sue, or whether defendant shall be obliged to negative the qualifications. Non assumpsit puts in issue the plaintiff's right, on the whole case, to recover. [1 *Ch. Pl.* 469; 2 *Hall's Rep.* (*N. Y.*) 465; 41 *Com. L. R.* 155; 3 *Mees & Welsby* 521; 14 *Johns. Rep.* 369; 21 *Com. L. R.* 395; 19 *Ib.* 300.]

*Mr. Saulsbury.*—The matter relied on as a defence should have been pleaded, or proved by the defendant. [2 *Camp. R.* 144,441; 2 *Harrison's Dig.* 15, 91. The cases cited are under a statute of 55 *Geo.* 3, *chap.* 194, which enacts that the plaintiff shall prove at the trial his qualifications, &c. The old statute of 8 *Hen.* 8 *chap.*, under which the case in 2 *Campbell's Reports* arose, was like our statute, and the court held that the defendant must prove the disqualification, to defeat the action.

*The Court,* after a curia advisare, on the 18th of June, 1849, set aside the verdict and ordered a nonsuit, on the ground that the plaintiff had not proved his license.

Judgment of nonsuit.

*Saulsbury,* for plaintiff.
*Cullen,* for defendant.